# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M Company and 3M Innovative Properties Company,<br><br>    Plaintiffs,<br><br> v.<br><br>XPEL Technologies Corporation,<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs complain of Defendant and allege as follows:

### NATURE OF THIS ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

### THE PARTIES

2. Plaintiff 3M Company is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 3M Center, St. Paul, Minnesota 55133.

3. Plaintiff 3M Innovative Properties Company ("3M IPC") is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 3M Center, St. Paul, Minnesota 55133.

4. Defendant XPEL Technologies Corporation ("XPEL"), upon information and belief, is a corporation organized and existing under the laws of the state of Nevada,

and having its principal place of business at 618 West Sunset Road, San Antonio, Texas 78232.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. This Court has personal jurisdiction over XPEL because, among other things, XPEL has targeted and/or concentrated on Minnesota by offering its XPF Paint Protection Film, a product at issue in this case, for sale through dealers located in Minnesota, including, according to its website, A & L Auto Detail, Inc., Bravo Auto Bra, Midwest Clear Bra, North Country Tint, Northland Resources, RAS Incorporated Kos-Medik Trim, Stripes & Stuff Auto Trim Inc., Sun Control of Minnesota, and Trim Doctor. In addition, based at least on the foregoing, under the Minnesota Long Arm Statute, Minn. Stat. § 543.19, XPEL transacts business within Minnesota and has committed acts in Minnesota causing injury or property damage. As such, upon information and belief, XPEL has intended to benefit from doing business in the state of Minnesota.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 8,765,263

8. On July 1, 2014, United States Patent No. 8,765,263 ("the '263 Patent"), entitled "Multilayer Polyurethane Protective Films," was duly and legally issued by the United States Patent and Trademark Office. 3M IPC owns the '263 Patent by

assignment. 3M Company is the exclusive licensee of the '263 Patent. A true and correct copy of the '263 Patent is attached as Exhibit A to this Complaint.

9. XPEL has been and is directly infringing at least claim 1 of the '263 Patent in this District and elsewhere under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing at least its XPF Paint Protection Film.

10. Claim 1 of the '263 Patent states as follows:

A multilayer protective film comprising:

A first layer comprising a polyurethane, said polyurethane being a polyester-based polyurethane, a polycarbonate-based polyurethane or combination of both;

A second layer comprising a polycaprolactone-based thermoplastic polyurethane; and

A PSA layer comprising a pressure sensitive adhesive,

wherein said first layer is bonded to one major surface of said second layer and said PSA layer is bonded to an opposite major surface of said second layer such that said second layer is sandwiched between said first layer and said PSA layer.

11. As set forth in the claim chart attached as Exhibit B to this Complaint, XPEL's XPF Paint Protection Film meets all the limitations of at least Claim 1 of the '263 Patent. XPEL's XPF Paint Protection Film is a multiplayer film, which XPEL advertises on its website as a paint protection product designed to "protect the leading edge of your vehicle from damage caused by rocks, gravel, salt or insects through the application of a thin and virtually invisible urethane paint protection film." XPEL also advertises the construction of its multi-layer paint protection film as follows:



(http://www.xpel.com/media-new/pdf/tds_xpf_ultimate.pdf.)

12. The first layer of XPEL's XPF Paint Protection Film is a polyester-based polyurethane top coat. XPEL's XPF Paint Protection Film also has a second layer, which is comprised of a polycaprolactone-based thermoplastic polyurethane. The third layer of XPEL's XPF Paint Protection Film is a pressure-sensitive adhesive. As required by claim 1 of the '263 Patent, the first polyurethane layer is bonded to one side of the polycaprolactone-based thermoplastic polyurethane layer, and the PSA layer is bonded to the other side of the polycaprolactone-based thermoplastic polyurethane layer.

13. In view of the foregoing, XPEL's XPF Paint Protection Film meets every limitation of at least claim 1 of the '263 patent either literally or under the doctrine of equivalents and thus infringes at least claim 1.

14. Upon information and belief, XPEL will continue to infringe the '263 Patent unless and until it is enjoined by this Court.

15. XPEL has caused and will continue to cause Plaintiffs injury and damage by infringing the '263 Patent. Plaintiffs will suffer further injury unless and until XPEL is enjoined from infringing the '263 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

(1)  To enter judgment that XPEL has infringed the '263 Patent;

(2)  To enter an order permanently enjoining XPEL and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '263 Patent;

(3)  To award 3M Company and 3M IPC their respective damages in amounts sufficient to compensate them for XPEL's infringement of the '263 Patent, together with prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

(4)  To award an accounting of all XPEL's infringing sales through final judgment;

(5)  To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Plaintiffs their attorneys' fees, expenses, and costs incurred in this action; and

(6)  To award Plaintiffs such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

3M Company and 3M IPC hereby demand a trial by jury on all issues appropriately triable by a jury.

Dated: December 29, 2015                FISH & RICHARDSON P.C.

                                            By:  */s/ John C. Adkisson*
                                                John C. Adkisson (#266358)
                                                adkisson@fr.com
                                                Joseph A. Herriges (#390350)
                                                herriges@fr.com
                                                3200 RBC Plaza
                                                60 South Sixth Street
                                                Minneapolis, MN 55402
                                                Tel: (612) 335-5070
                                                Fax: (612) 288-9696

                                                Erik M. Drange (#344138)
                                                3M INNOVATIVE PROPERTIES COMPANY
                                                3M Center
                                                P.O. Box 33427
                                                Saint Paul, MN 55144
                                                Tel: (651) 736-4533
                                                Fax: (651) 737-2948
                                                emdrange@mmm.com

                                                Attorneys for Plaintiffs 3M Company and
                                                3M Innovative Properties Company